UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:                                                                                Chapter 11
                                                                                 Case No. 12-46965

Steven F. Meldahl,

        Debtor.
_____

**CREDITOR CITY OF MINNEAPOLIS' MEMORANDUM
IN OPPOSITION TO DEBTOR'S MOTION FOR ORDER
DETERMINING VALUATION OF REAL PROPERTY**
_____

## INTRODUCTION

       The City of Minneapolis ("City") submits this Memorandum of Law in Opposition to Debtor's Motion for Order Determining Valuation ("Motion") for Real Property under Bankruptcy Rule 9013-2(b). The City is a secured creditor of Debtor with hundreds of special assessments having become liens against many, if not all, of the properties listed in Debtor's Motion. It appears that the City's special assessments are a part of the overall tax assessments listed as due and owing to Hennepin County ("County") because the City has certified the special assessments for collection by the County. Nonetheless, the City is entitled to assert its own claim against Debtor.

       As a secured creditor and party with an interest in this Motion, the City requests that this Court deny Debtor's Motion. To begin, the Motion should be denied because it undermines and conflicts with Minnesota's statutory process for challenging tax assessments, and, consequently, denies the Minnesota Tax Court of the authority to hear and rule on Debtor's open Tax Court cases, Case File Nos. 27-CV-10-9125, 27-CV-11-

466232.1

8510, and 27-CV-12-9125.  *See* Notice of Hearing and Motion for Order Determining Valuation of Real Property, ¶9.  Additionally, the Motion violates the Tax Injunction Act, 28 U.S.C. § 1341.  Moreover, Debtor's request for relief is premature because he did not properly disclose the merits, or substance, of the testimony that will be provided at the hearing, or the identity of his expert who will provide the testimony, in violation of the disclosure requirements of Local Rule 9013-2.  For these reasons, the Debtor's request for relief, which will impact hundreds of the City's special assessments, should be denied.

**ARGUMENT**

A.  **The Minnesota Tax Court has jurisdiction over the valuation of Debtor's properties.**

The mass revaluation of Debtor's properties by the Bankruptcy Court invades the jurisdiction of the Minnesota Tax Court and denies that court of the opportunity to finalize its valuation of Debtor's properties.  Pursuant to Minn. Stat. Section 271.101, subd, 5, the "Tax Court shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws."  The Debtor has already initiated multiple Tax Court cases in which the valuation of his properties – and resulting tax valuations – are at issue.  *See* Case File Nos. 27-CV-10-9125, 27-CV-11-8510, and 27-CV-12-9125.  As such, the Bankruptcy Court should defer from making any revaluation decisions as those issues are already properly before the Tax Court.

**B.     The Tax Injunction Act precludes relief in Bankruptcy Court.**

Debtor's proposal to engage in mass revaluation of over eighty properties violates the Tax Injunction Act. The Act states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C.A. § 1341 (West). Thus, the Court should abstain from conducting revaluation proceedings that are already in progress before the Tax Court.

**C.     Debtor's failed to comply with local disclosure rules and the proposed hearing violates the rights of secured creditors to have a proper evidentiary hearing**

Debtor failed to give appropriate notice of his witnesses under Rule 9013-2(c) in that he has failed to state the name, address, and substance of the proposed testimony of his witnesses. L.R. 9013-2. Instead, the notice of motion and hearing merely states "the Debtor intends to call an appraiser and/or realtor familiar with the values of the properties owned by the Debtor. The proposed witnesses will testify regarding the value of the Debtor's properties." Notice of Hearing and Motion for Order Determining Valuation of Real Property, ¶11. This notice is grossly inadequate, especially when one considers that each of the properties varies in location, size, year of construction, aesthetics, etc., and is subject to different valuation considerations. *See, In re Artha Mgmt., Inc.*, 174 B.R. 671, 679 (Bankr. S.D.N.Y. 1994) ("Proving valuation for purposes of insolvency at the time of a transfer is a fact-specific inquiry"). The Debtor has not met his burden to disclose the substance and methods of the unidentified witnesses' proposed opinions.

As a consequence, secured creditors, including the City of Minneapolis and Hennepin County, will be denied the opportunity to develop a complete record of the proper valuations of the properties.  Without knowing the proposed witness's identify and valuation methodology, the City and other secured creditors cannot properly address the proposed revaluations or properly select a valuation expert of their own.  With over 80 properties at issue, and the need to conduct a fact specific inquiry into each property, the Debtor's Motion and disclosures are insufficient and has prevented the City from having a fair opportunity to develop a complete record.  The February 5, 2013, hearing is premature and unreasonable.

**D.    A decision on the Motion would improperly foreclose the City's timely claims**

A mass revaluation of Debtor's properties will prejudice the City's interest in the properties. The City's liens, derived from property taxes and through special assessments, are a secured debt against the properties.  Whether the City's liens are through taxes, or statutory liens, they are effectively secured debt.  *See, In re Sheldahl, Inc.*, 298 B.R. 874, 879 (2003) (municipal special assessments are secured debt and are not avoidable under 11 U.S.C. §§ 544 and 545).  Although it appears that the City has certified its assessments and taxes to the County for collection, the City is entitled to assert its own claim before this Court.   Pursuant to the Scheduling Order, the City has until June 10, 2013 to file proof of its claims, which potentially include hundreds of special assessments, pending, and/or already recorded on the properties. Engaging in revaluation of the properties now may prejudice the City's claims by creating an inconsistent record regarding the valuation which provided the basis for the City's property taxes and special assessments.  The

prejudice is particularly significant in this case because it would occur before the City has had the opportunity to timely assert its claims. Therefore, the Court should reject Debtor's request for revaluations at this time.

## **CONCLUSION**

For these reasons, the City requests that the Court deny Debtor's motion to revalue his properties because the valuation issue is properly resolved through Debtor's actions commenced in the Minnesota Tax Court, the Court authorized to value real estate in Minnesota. Should the Court entertain Debtor's Motion, the City respectfully requests that the hearing scheduled for February 5, 2013, be stayed to a later date so that a full and complete record about the Minneapolis properties be developed.

Dated: January 31, 2013                     */e/Charles N. Nauen*
                                            CHARLES N. NAUEN (No. 121216)
                                            Lockridge Grindal Nauen P.L.L.P.
                                            100 Washington Avenue South, Suite 2200
                                            Minneapolis, MN 55401
                                            (612) 596-4006
                                            cnnauen@locklaw.com

                                            GREGORY P. SAUTTER (No. 326446)
                                            KRISTIN R. SARFF (No. 0388003)
                                            Minneapolis City Attorney's Office
                                            350 South 5th Street
                                            City Hall, Room 210
                                            Minneapolis, MN  55415
                                            (612) 673-3919
                                            gregory.sautter@minneapolismn.gov
                                            kristin.sarff@minneapolismn.gov

                                            *Attorneys for the City of Minneapolis*