IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Steven F. Meldahl,                                                      BKY 12-46965

    Debtor.

**DEBTOR'S RESPONSE TO OBJECTIONS OF CREDITORS**

**COMES NOW** the Debtor, Steven F. Meldahl (the "Debtor") and submits his Response to the Court with respect to the Objections filed in response to his Notice of Hearing and Motion for Order to Determine Value of Real Property.

1. There have been four (4) Objections filed. They are:

    a. **Objection by the City of Minneapolis**. This Objection relates to certified City fines and assessments against properties owned by the Debtor and located in the City of Minneapolis;
    b. **Objection by TCF National Bank.** This Objection relates to one (1) property located at 7409 Hyde Park Drive, Edina, MN;
    c. **Objection by Hennepin County.** This Objection relates to real estate taxes against the Debtor's properties and it also relates to pending tax appeals in the Minnesota Tax Court;
    d. **Objection by Wells Fargo Bank, N.A.** This Objection relates to one (1) property located at 9086 Prosperity Way, Ft. Myers, FL.

2. By way of background, the Debtor is 62 years old and for the last 42 years has been the owner and Landlord of a number of rental properties located in the City of Minneapolis. The Debtor owns 80+ properties in the City of Minneapolis and three (3) rental properties in the State of Florida. The Debtor is the 100% operator of the Minnesota rental properties. He employs subcontractors for some repairs but he is the individual who spends 80 to 100 hours per week maintaining the properties, renting the properties, conducting eviction proceedings,

handling all matters pertaining to the properties. The Debtor does not have employees to assist him in this regard. The Debtor's only source of income is through the rental of these properties. The City of Minneapolis and Hennepin County are satisfied that the Debtor is the owner of these properties, despite the contentions made in the Objection of TCF National Bank. The Debtor's filing of a Chapter 11 on December 12, 2012 was the result of several factors: (1) the Debtor's rental income has declined as a result of the recession; (2) the Debtor's ongoing dispute with Hennepin County over real estate tax assessments which has required the Debtor to contest and litigate the actual values of the Debtor's properties; (3) a State Court action commenced by MidCountry Bank, a secured creditor of the Debtor and a pending summary judgment motion in that case.

3. The present Motion was filed pursuant to 11 U.S.C. §506. The Motion was not filed pursuant to 11 U.S.C. §505. The Debtor and his counsel were well aware of this Court's Decision in *In Re: Northbrook Partners, LLP, 245 B.R. 104 (Bankr. D. Minn. 2000)* prior to filing this Motion. The Debtor, in this Motion, is not asking the Court to assume, rule on, or determine the three tax appeals pending in Minnesota Tax Court. The Debtor is asking for an Order determining the value of its properties as of the Petition Date. This is not an extraordinary request. The valuation of the Debtor's property in any Bankruptcy case is a core issue.

4. The Debtor's Schedules, excluding Hennepin County's liens for real estate taxes and/or confessions of judgment, reflect five (5) other secured creditors. Those entities are:

      a. Private Bank;
      b. Bridgewater Bank;
      c. Wells Fargo Bank, N.A.;
      d. MidCountry Bank; and
      e. JSRS (private lender).

As a direct result of this Motion and negotiations with those creditors following the filing of this Motion, the Debtor has reached agreements with four of the five secured creditors, including agreements as to value, adequate protection, and plan treatment.

5.    As to the claims of Hennepin County, the Debtor has, since the filing of the Motion requested Hennepin County to engage in settlement negotiations. The County has responded in the affirmative and has made a proposal to the Debtor.

6.    The Debtor believes that an Evidentiary Hearing will be required to aid the Court in valuing the Debtor's property. Prior to receipt of its Objection, the Debtor discussed desirability of an Evidentiary Hearing with the Assistant Hennepin County Attorney that has been assigned to the Debtor's case. Counsel agreed an Evidentiary Hearing would be necessary. The Debtor also discussed this issue at length with the US Trustee's Office. The Debtor has no objection to the parties engaging in discovery. In the event of an Evidentiary Hearing, the Debtor would call Liz Loveless to testify. Mr. Loveless is the preeminent real estate broker for properties in North Minneapolis. In addition, the Debtor retain, if required, Value Right Appraisal to present appraisal testimony.

7.    In the Debtor's opinion, a resolution of the remaining disputes may be achieved through Mediation. He believes it would be in the best interests for the parties and the Debtor's estate if the Court ordered the parties to proceed to Mediation. The Debtor believes that Bankruptcy Judge Kathleen Sandberg, a former Minnesota Tax Court Judge, would be an ideal Mediator. If Mediation was successful, the parties and the Debtor's Estate would have a substantial savings and costs and expenses.

8.    The Debtor's purpose in filing this Motion was and is to move this case forward in an expeditious manner. The Debtor desires to file a Plan of Reorganization as quickly as

3

possible. The Debtor realizes that to reorganize, he must reach agreements with secured creditors, many of whom have agreed to plan treatment and to a plan frame work in which the Debtor will continue to manage the properties and commence selling properties so that unsecured creditors may be paid. The Debtor intends, shortly, to apply to the Court to retain real estate brokers to list certain properties for sale.

9. If the Debtor is forced to engage in protracted litigation and forced to retain experts and appraisers, the costs could be detrimental to the Estate and to the Debtor's creditors.

10. Certain of the Objections have gratuitous and derogatory language as to the Debtor's motives. They also include unsubstantiated and irrelevant allegations. The Debtor obviously objects vehemently to these statements and untrue allegations.

11. In summary, the Debtor believes the Court should defer ruling on the Debtor's Motion pending an Evidentiary Hearing and Order the parties to mediate the issue of valuation.

Dated: February 4, 2013.
/e/ Steven B. Nosek
Steven B. Nosek, #79960
Attorney for Debtor
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-919
snosek@visi.com

## VERIFICATION

I, Steven F. Meldahl, the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: 2-4-13

_____
Steven F. Meldahl

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                      BKY No.: 12-46965
                                                            Chapter 11
**Steven F. Meldahl,**

    **Debtor.**

_____
**CERTIFICATE OF SERVICE**
_____

I hereby certify that on February 4, 2013, I caused a copy of **Debtor's Response to Objections of Creditors** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
    Orin J. Kipp: okipp@wilfordgeske.com, mboelen@wilfordgeske.com;
        lfrancis@wgcmn.com
    Michael E. Ridgway: mike.ridgway@usdoj.gov
    Rebecca S. Holschuh: Rebecca.holschuh@co.hennepin.mn.us,
        barb.besta@co.hennepin.mn.us,
        Suzanne.ryan@co.hennepin.mn.us
    Rebecca S. Christensen: rchristensen@eckberglammers.com
    Thomas Lallier: ECF_Notices@foleymansfield.com
    Richard L. Leighton: rick@leightonhetland.com
    Charles N. Nauen: cnnauen@locklaw.com, jmtrieber@locklaw.com


Dated this 4th day of February, 2013.    /e/ Steven B. Nosek
                                                              Steven B. Nosek, #79960
                                                              2855 Anthony Lane South, Suite 201
                                                              St. Anthony, MN 55418
                                                              (612) 335-9171
                                                              ATTORNEY FOR DEBTOR