# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| In Re: | Case No.:  12-46965 -GFK |
|---|---|
| Steven F. Meldahl, | Chapter 11 |
| Debtor. | |

## NOTICE OF HEARING AND MOTION OBJECTING TO EXEMPT PROPERTY

1.    TCF National Bank ("TCF"), a creditor holding an unsecured claim of the debtor Steven F. Meldahl ("Debtor"), moves this Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this motion at 1:30 p.m. on February 26, 2013, before the Honorable Gregory F. Kishel in Courtroom 2-A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, or as soon thereafter as counsel can be heard.

3.    Any response to this motion must be filed and served not later than February 21, 2013, which is five days before the time set for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rule 5005.  This proceeding is a core proceeding. This case was filed as a voluntary case under Chapter 11 of the United States Bankruptcy Code and is now pending in this Court.

5.      This motion arises under 11 U.S.C. § 522, and Bankruptcy Rule 4003 and Local

Rule 4003-1(a). This motion is filed under Bankruptcy Rule 9014 and Local Rule 9013-1.

Movant requests relief with respect to Debtor Steven F. Meldahl's (the "Debtor") claims

for certain exemptions.

6.      The Debtor has claimed as exempt, under 11 U.S.C. § 522(d)(1), the following

asset to which the TCF objects:

 a.   Homestead, with a petition value of $900,300.00.

 TCF objects to the Debtor's claim of exemption under 11 U.S.C. § 522(d)(1) as
TCF has not yet been able to receive and review documentation to verify the value of the
homestead and what may be actually exempt. In addition, on information and belief, TCF
believes that the Debtor has intentionally reduced the actual value of the asset in an
attempt to artificially reduce the actual equity in the property.

7.      The Debtor has claimed as exempt, under 11 U.S.C. § 522(d)(3), the following

assets to which TCF objects:

 a.   Household Goods and Furnishings, with a petition value of $2,000.00; and

 b.   Wearing Apparel with a petition value of $600.00; and

 TCF objects to the Debtor's claims of exemption under 11 U.S.C. § 522(d)(3) as
TCF has not yet been able to receive and review documentation to verify the value of
these assets and the claimed exemption. TCF further objects on grounds that there is no
indication of what assets Debtor actually owns, and therefore, no way to calculate
whether the exemption claim is appropriate.

8.      The Debtor has claimed as exempt, under 11 U.S.C. § 522(d)(2) and 11 U.S.C. §

522(d)(5), the following asset to which exemption TCF objects:

 a.   2007 Cadillac Escalade V8-AWD EXT 4D, with a petition value of $22,425.00

 TCF objects to the Debtor's claim of exemption under 11 U.S.C. § 522(d)(2) and
11 U.S.C. § 522(d)(5), as TCF has not yet been able to receive and review documentation

to verify the value of this asset to allow it to be exempt, or to further verify whether the asset is encumbered by a valid lien.

TCF further objects to the Debtor's claim of exemption to the extent the claimed exemption exceeds the amount available to the Debtor under 11 U.S.C. §522(d)(5). The Debtor's claimed exemption in the above referenced asset should be limited to the amount remaining available to him under 11 U.S.C. §522(d)(5).

WHEREFORE, TCF respectfully moves the Court for an order sustaining TCF's

objections to Debtor's claimed exempt property or in the alternative for an order directing

that the Debtor provide sufficient documentation and records to support his claimed

exemptions, and such other relief as may be just and equitable.


**FOLEY & MANSFIELD, PLLP**


Dated: February 8, 2013.          By:   */e/ Thomas J. Lallier*
                                        Thomas J. Lallier (MN# 163041)
                                        John F. Thomas (MN#0392495)
                                        250 Marquette Avenue, Suite 1200
                                        Minneapolis, MN  55401
                                        (612) 338-8788
                                        tlallier@foleymansfield.com
                                        jthomas@foleymansfield.com

                                        **Attorneys for TCF National Bank**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| In Re: | Case No.:  12-46965 -GFK |
|---|---|
| Steven F. Meldahl, | Chapter 11 |
| Debtor. | |

## MEMORANDUM OF LAW IN SUPPORT OF TCF'S MOTION OBJECTING TO EXEMPT PROPERTY

TCF National Bank ("TCF"), through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion Objecting to the Debtor Steven F. Meldahl's ("Debtor") Exempt Property.

## STATEMENT OF FACTS

TCF relies on the statement of facts contained in the verified Motion and the facts scheduled by the Debtor and incorporates the same herein.

## ARGUMENT

### I.     LEGAL STANDARD

When a debtor files a bankruptcy petition, all of his property becomes property of the bankruptcy estate." *Taylor v. Freeland & Kronz,* 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (citing 11 U.S.C. § 541). However, the Bankruptcy Code "allows a debtor to prevent the distribution of certain property by claiming it as exempt." *Id.* A bankruptcy debtor may choose between the federal exemptions provided in 11 U.S.C. § 522(d) and the exemptions provided under state law. *In re Huebner,* 986 F.2d 1222, 1224

(8th Cir.1993). Section 522(d) of the Bankruptcy Code specifies the federal exemptions available to debtors. *Matter of Smith*, 640 F.2d 888, 891 (7th Cir. 1981).

Rule 4003(b) of the Federal Rules of Bankruptcy Procedure establishes a 30–day deadline from the initial meeting of creditors for objecting to what the Debtor has claimed as exempt. Fed. R. Bankr. P. 4003(b). Once an objection is filed, the objecting party has the burden of proof that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).   After hearing on notice, the bankruptcy court shall determine the issues presented by the objection.  *Id.*

Here, the meeting of creditors was held on January 11, 2013. Accordingly, TCF's objections are timely.

## II.    TCF OBJECTS TO DEBTOR'S VALUATION OF HIS HOMESTEAD EXEMPTION

TCF objects to Debtor's homestead exemption on the basis that Debtor has substantially undervalued the asset in his bankruptcy schedules.

The denial of an exemption is required when extrinsic evidence that a debtor acted with the intent to defraud creditors exists. *In re Curry*, 160 B.R. 813, 817 (Bankr. D. Minn. 1993)(citing *Norwest Bank Nebraska, N.A. v. Tvetan*, 848 F.2d 871 (8th Cir.1988); *In re Armstrong*, 931 F.2d 1233 (8th Cir. 1991)).

According to the Eighth Circuit, extrinsic evidence of fraud can be composed of:

(1) conduct intentionally designed to materially mislead or deceive creditors about the debtor's position;
(2) conveyances for less than fair value;
(3) the continued retention of conveyed property; borrowing to effect the conversion; or

2

(4) concealment of assets from creditors.

*Norwest Bank Nebraska, N.A. v. Tveten*, 848 F.2d 871 (8th Cir. 1988); *Hanson v. First Nat. Bank in Brookings*, 848 F.2d 866, 868 (8th Cir. 1988); *In re Johnson*, 880 F.2d 78, 82 (8th Cir. 1989).

Because a debtor will rarely, if ever, admit to an intent to deceive, circumstantial evidence of such intent may be considered. *In re Main*, 133 B.R. 746 (W.D. Pa. 1991). A reputable presumption of intent to deceive arises upon the making or publishing of a false statement. *Id.* at 752 (citing *In re Jones*, 88 B.R. 899, 903 (Bankr. E.D. Wisc. 1988).

"Exemptions will not be allowed where property or its substantial value has initially been intentionally concealed from the bankruptcy court and a debtor's estate." *In re Bauer*, 291 B.R. 127, 130 (Bankr. D. Minn. 2003) *aff'd*, 298 B.R. 353 (Bankr. App. 8th Cir. 2003); *In re Miller,* 255 B.R. 221, 224 (Bankr. D. Neb. 2000). "Intentional concealment can be inferred from circumstances of the matter, including a non-disclosure that is the result of a reckless disregard by a debtor for the truth of the information furnished." *In re Bauer,* at 130; *In re Unruh,* 278 B.R. 796, 803 (Bankr. D. Minn. 2002). Accordingly, bankruptcy courts in this district have sustained objections to a Debtor's homestead exemption when a Debtor has intentionally concealed substantial value of the homestead in his bankruptcy schedules. *See In re Bauer*, 291 B.R. 127, 129 (Bankr. D. Minn. 2003), *aff'd,* 298 B.R. 353 (Bankr. App. 8th Cir. 2003) (denying a debtor's homestead exemption in its entirely after finding that the debtor had intentionally undervalued the asset in bad faith, and therefore, lost his right to exempt the property.).

3

Here, the multitude of the actions taken by the Debtor, including the undervaluation of the homestead supports a claim that the Debtor's is intending to deceive and mislead creditors as to the true worth and value of the asset. In Schedule C—Property Claimed as Exempt of Debtor's bankruptcy schedules, Debtor claims that the current property value of his homestead is $900,300.00. (Docket No. 7, p. 21). On Schedule A of Debtor's amended bankruptcy schedules, Debtor further identifies a secured claim on his homestead in the amount of $1,027, 215.00. (Docket No. 15, p. 1). On TCF's information and belief, Debtor's homestead has recently been appraised at approximately $1.2 million, thus worth substantially more than what Debtor valued in his schedules. In light of Debtor's decision to undervalue his homestead by approximately $300,000.00, Debtor is misleading creditors by minimizing the value of the asset, which has the practical effect of artificially decreasing any remaining equity in the homestead that is available to creditors.

Accordingly, TCF respectfully requests that the Court deny Debtor's claimed homestead exemption in its entirety.

## III.   TCF OBJECTS TO DEBTOR'S HOUSEHOLD GOODS AND WEARING APPAREL EXEMPTIONS

TCF objects to Debtor's household goods and wearing apparel objections on the basis that Debtor has undervalued the same.

The federal exemption for both household furnishings and wearing appeal is enumerated in 11 U.S.C. §522(d)(3). Section 522(d)(3) provides:

> The debtor's interest, not to exceed $550 in value in any particular item or $11,525 in aggregate value, in household furnishings, household goods,

4

wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

11 U.S.C. §522(d)(3).

Here, Debtor has claimed an exemption of household good and furnishings in the amount of $1,000.00, and an exemption claim for wearing apparel in the amount of $600.00. (Docket No. 7, pp. 22).  With respect to Debtor's household goods, TCF objects on two grounds. The Debtor maintains both his homestead property and a vacation home in Florida. First, TCF believes that Debtor's valuation of household goods in the amount of $1,000.00 is a bit suspect in light of the value of Debtor's homestead. Even if this Court were to assume Debtor's $900,300.00 valuation of his homestead is accurate, Debtor may still have more than $1,000.00 worth of household goods to furnish it and his Florida vacation home.  As a result, TCF requests the Debtor to provide documentation that verifies the value of Debtor's household goods. In the alternative, TCF would request the Court make a determination after an evidentiary hearing on this issue pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, which will allow the parties in interest to ensure that the Debtor has provided an accurate accounting of his household goods, and to confirm that no household goods have been sold or transferred by Debtor during the pendency of, or immediately prior to this bankruptcy proceeding.

Second, even if Debtor's claimed exemption of household goods valued at $1,000 is accurate, TCF further objects to the Debtor's claim of exemption because Debtor has failed to specify and quantify the household goods he owns, which makes it impossible to calculate their true value. (*See* Docket No. 7, p. 22). The same is true for Debtor's claim

5

of exemption with respect to his wearing apparel valued at $600.00, and as such, TCF objects accordingly. (*Id.*). In particular, Debtor has failed to identify or quantify each particular household item and wearing apparel item he is claiming as exempt. Therefore, the Debtor has provided nothing more than the unsupported statements of value based solely on his own opinion.  Without more, there is no way to determine whether the Debtor has complied with exemption limits of section 522(d)(3) of the Bankruptcy Code, which prohibits the exemption of "any particular item" that exceeds $550.00 in value. *See* 11 U.S.C. §522(d)(3). Without knowing whether Debtor has any item(s) that exceed this $550.00 threshold, it is impossible to determine whether the Debtor should have made an additional claim under the wildcard exemption of section 522(d)(5) of the Bankruptcy Code to cover any amount that exceeds this limit. Until Debtor provides a specific accounting of the household goods and items of wearing apparel he is claiming as exempt, it is impossible to determine whether the wildcard exemption should have been used to cover such items, and to what extent.

Additionally, Debtor's failure to identify the specific household goods and items of wearing apparel he wishes to claim as exempt further conflicts with the very purpose of the Bankruptcy process.  As numerous bankruptcy courts have noted:

> [A]ccuracy, honesty, and full disclosure are critical to the functioning of bankruptcy and inherent in the bargain for a debtor's discharge. Therefore, debtors are responsible for disclosing an accurate and complete schedule of assets with proper values and a truthful statement of affairs in order to convey a complete and accurate portrayal of their financial situation.

*In re JK Harris & Co., LLC*, 475 B.R. 470, 477 (Bankr. D. S.C. 2012) (citing *Kestell v. Kestell,* 99 F.3d 146, 149 (4th Cir. 1996)). In addition, a debtor is obligated to

6

fully disclose all assets which will prevent the waste of judicial and economic resources. *See In re Mascolo,* 505 F.2d 274, 278 (1st Cir. 1974) (holding that, "the petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts."); *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *In re Abramov,* 329 B.R. 125, 134–135 (Bankr. E.D. N.Y. 2005) (noting the determination of relevance and importance of property for an estate is not the debtor's decision to make and that instead, "it is the debtor's role to simply consider the question carefully and answer it completely and accurately.").

By offering vague and generalized descriptions for the household goods and items of wearing apparel that he is claiming as exempt, Debtor has frustrated that purpose. As stated above, Debtor's failure to completely disclose the particular items of household goods and wearing apparel he is claiming as exempt serves as grounds for holding an evidentiary hearing to ensure Debtor's claimed exemptions are proper under the Bankruptcy Code.

## IV.   TCF OBJECTS TO DEBTOR'S AUTOMOBILE EXEMPTION

TCF objects to Debtor's undervalue of the automobile, as Debtor only claimed $4,537.25[1] under the wildcard exemption, even though he lists the vehicle as having a current market value of $22,425.00.

---

[1] Upon information and belief, Debtor's claim for $4,537.25 represents the monetary amount that cannot be covered under the automobile exemption enumerated in section 522(d)(2) of the Bankruptcy Code.

7

The federal exemption for a motor vehicle is enumerated in 11 U.S.C. §522(d)(2). *In re Steele*, 8 B.R. 94, 95 (Bankr. D.S.D. 1980); *In re Bailey*, 326 B.R. 750, 756 (Bankr. S.D. Iowa 2004). Section 522(d)(2) provides for an exemption of debtor's interest, in one motor vehicle not to exceed $3,450 in value. 11 U.S.C. § 522 (2012).

Here, Debtor cites to 11 U.S.C. § 522(d)(2) and 11 U.S.C. §522(d)(5) as the basis for claiming the exemption of a 2007 Cadillac Escalade V-8-AWD EXT.  (Docket No. 7, p. 22).  In particular, Debtor used the full $3,450.00 allowed under 11 U.S.C. § 522(d)(2), before using the "wild card" exemption of 11 U.S.C. § 522(d)(5) to exempt all of his equity in the Cadillac not exemptible under 11 U.S.C. § 522(d)(2). (*Id.*). In light of these two claimed exemptions, TCF objects on two separate grounds.

First, TCF objects because Debtor has undervalued the automobile[2].  Specifically, in his bankruptcy schedules, Debtor lists the Cadillac as having a current property value of $22,425.00. (Docket No. 7, p. 22).  Yet, Debtor only claimed $4,537.25 under the "wild card" exemption for this asset. (*Id.*).  Assuming that Debtor's assessment of the Cadillac's current property value is accurate, Debtor has grossly undervalued this asset in order to claim it as exempt and TCF's objection should be sustained.

Second, TCF further objects on the grounds that because Debtor has undervalued the value of the Cadillac, Debtor should have claimed more than $4,537.25 under the wildcard exemption of section 522(d)(5) of the Bankruptcy Code.

---

[2] For the sake of brevity, TCF will not reiterate the law governing the undervaluing of exempt property, which has already been discussed in the section regarding Debtor's homestead, *supra*.

8

It is worth noting that Debtor's assessment of the vehicle's current market value may be in accordance with Kelly Blue Book Values.  See **Exhibit 1**. In fact, as of February 5, 2013, a 2007 Cadillac Escalade V-8-AWD EXT with standard features and mileage of 100,000 miles has a Kelly Blue Book value of $20,037.00 to $24,037.00 depending on its condition. In light of the Kelly Blue Book Value, it is clear that the Debtor has no reasonable basis for only valuing the Cadillac in the amount $4,537.25 under the wildcard exemption.

Accordingly, TCF objects to the Debtor's claim of exemption under 11 U.S.C. § 522(d)(2) and 11 U.S.C. § 522(d)(5), as TCF has not yet been able to receive and review documentation to verify the value of these assets to allow them to be exempt.

## CONCLUSION

For the foregoing reasons, TCF respectfully requests this Court to sustain its objections to Debtor's claimed exempt property or in the alternative for an order directing that the Debtor provide sufficient documentation and records to support his claimed exemptions, and such other relief as may be just and equitable.

**FOLEY & MANSFIELD, PLLP**

Dated: February 8, 2013.          By:  */e/ Thomas J. Lallier*_____
                                  Thomas J. Lallier (MN# 163041)
                                  John F. Thomas (MN#0392495)
                                  250 Marquette Avenue, Suite 1200
                                  Minneapolis, MN  55401
                                  (612) 338-8788
                                  tlallier@foleytmansfield.com
                                  jthomas@foleymansfield.com

                                  **Attorneys for TCF National Bank**

9

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Case No.:  12-46965 -GFK |
| Steven F. Meldahl, | Chapter 11 |
| Debtor. | |

## VERIFICATION

I, Monica Lash, am a Bankruptcy Specialist for TCF National Bank, and I state under penalty of perjury that the information contained in this Motion is true and correct to the best of my knowledge.

Dated:  February 8, 2013.

_____
Monica Lash


EXHIBIT
1

home | car values | cars for sale | car reviews | kbb top picks | r...


TRY SNAPSHOT FREE
FOR 30 DAYS    TRY FOR FREE ▶    *PROGRESSIVE* Snapshot

advertisement                                                                why ads?

Popular at KBB.com

The 40 mpg Cars of 2013

Home > Car Values > Cadillac > Escalade EXT > 2007 > Options >
Sport Utility Pickup 4D 5 1/4 ft

Cadillac [▼]   Escalade EXT [▼]   2007 [▼]   go

# Your Blue Book® Value   Show Used Car Prices | Price Your Next Car



## 2007 Cadillac Escalade EXT

Style: Sport Utility Pickup 4D 5 1/4 ft [▼]

edit options | change style        Mileage: **100000**   change        Your   this car



GET A VEHICLE
HISTORY REPORT
>> FREE VIN Search

✓AutoCheck

advertisement                                why ads?

| Trade-In Value<br>when trading in at a dealership | Private Party Value<br>when selling the car yourself | 🖶 Print Report |
|---|---|---|
| Excellent<br>**$24,037** | Shop for your next car | price a new car |
| Very Good<br>**$23,337** | | |
| Good<br>**$22,537** | Instant Trade-In Offer | get the offer |
| Fair<br>**$20,037** | | |
| Verify Condition | Sell your current car | place an ad |
| Values valid until<br>02/07/2013<br>(updated weekly) | Be the first to know<br>when values change | follow this car |



*PROGRESSIVE*

| PROGRESSIVE | STATE FARM |
| AM. FAMILY | ALLSTATE |

We make it easy
to compare
rates and save.

PROGRESSIVE    Enter
ZIP Code:
Get Your Free Quote

advertisement                                why ads?

## Helpful resources from kbb.com

**Write a Review**
Own it? Love it? Tell us.

**Check Specs**
Know your car inside
and out.

**Sell Your Car**
Use our Tips & Tools.

## New Cars You Might Like



2013 Cadillac Escalade EXT

view



2012 Ford F450 Super Duty
Crew Cab

view

## Search Cars for Sale
near Eden Prairie

Cadillac [▼]   Escalade EXT [▼]

## Get a Used Car Report

**Get the Information You Need on This
2007 Cadillac Before You Buy**

search



No VIN? No Problem! Buy an UNLIMITED
report today and run VINs as you research.



advertisement                                                why ads?

advertisement                                 why ads?

# 3 Easy Ways to Sell Your Car Fast

### List It for Sale Online
Reach millions of shoppers on kbb.com
and AutoTrader.com.

place your ad

### Get a Free Trade-In Offer
Local dealers are ready to buy your car.

get instant offer

### Use Seller's Toolkit
Share to Facebook, Craigslist and more.

get toolkit

**AutoCheck**
A part of Experian
Check a car's history before
you buy ▶

**freecreditscore.com**
Know your credit score
before you buy ▶

**RoadLoans.com**
Apply for an instant auto
loan starting at 1.99% ▶

# Trade-up to Highest MPG Pickups



MPG: City 21 / Hwy 25
Engine: 4-Cyl, 2.7 L
Consumer Rating: **9.2**

MPG: City 21 / Hwy 25
Engine: 4-Cyl, 2.7 L
Consumer Rating: **9.2**

MPG: City 17 / Hwy 25
Engine: V6, Flex Fuel, 3.6 L
Consumer Rating: **8.7**

view this car

view this car

view this car

Read Expert Review

Read Expert Review

Read Expert Review

compare these vehicles

or build your own compare set

**Search:** Find car values or features

| **Popular Topics** | **Car Reviews & News** | **Help** | **Company** | **Industry Relations** |
|---|---|---|---|---|
| Best Cars | Car Reviews | FAQ | About Us | Advertising |
| Car Classifieds | Car Videos | Site Map | Contact Us | Media Center |
| Best Resale Value Awards | Car Infographics | Find a New Car | Careers | Linking Policy |
| 5-Year Cost-to-Own Center | 2013 Chicago Auto Show | What's My Car Worth | Corporate Information | Business Solutions |
| New Cars for 2013 | Car News | KBB℠ Mobile | | |

**Follow KBB**    Facebook    Twitter    Google+    YouTube    LinkedIn    RSS    **Mobile Apps**    iPhone®    Android™    Windows®

© 1995-2013 Kelley Blue Book Co.®, Inc. All rights reserved. Copyright & Trademarks | Terms of Service | Privacy Policy | Ad Choices

Have comments about our Blue Book Values? Give us your feedback.

© 2013 Kelley Blue Book Co., Inc. All rights reserved. 2/1/2013-2/7/2013 Edition for Minnesota 55347. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.13020)

## Unsworn Affidavit of Service

STATE OF MINNESOTA     )
                       ) ss.
COUNTY OF HENNEPIN     )

I, Jacquelyn J. LaVaque, declare under penalty of perjury that on  February 8, 2013, I mailed copies of the attached **Notice of Hearing and Motion Objecting to Exempt Property; Memorandum of Law in Support of Motion, and proposed Order** by first class mail, postage prepaid, to each entity named below at the address stated below for each entity:

Steven F. Meldahl
18407 Bearpath Trail
Eden Prairie, MN 55347

Steven B. Nosek
2855 Anthony Lane S, Ste. 201
St Anthony, MN 55418

Adams Pest Control
Box 233
Medina MN 55340

Always Drains Ltd.
135 E Golden Lake Lane
Circle Pines MN 55014

Bridgewaters Bank
3800 American Blvd W, Suite #100
Bloomington MN 55431

Centerpoint Energy
PO Box 1144
Minneapolis MN 55440-1144

Chubb Insurance
c/o Next Wave Services, LLC
402 W Broadway, Suite  #740
San Diego CA 92101

City of Eden Prairie
8080 Mitchell Road
Eden Prairie MN 55344

City of Minneapolis
City Hall - Room 304

350 South 5th Street
Minneapolis MN 55415


City of Minneapolis
250 South 4th St, Room 230
Minneapolis MN 55415

Colonial Country Club
9181 Independence Way
Fort Myers FL 33913

Condo & HOA Law Group
2030 Mc Gregor Blvd.
Fort Myers FL 33901

Country Club Rentals, Inc.
8961 Daniels Center Dr., #407
Fort Myers FL 33912

Dave's Floor Sanding
1451 - 92nd Lane NE
Blaine MN 55449

David Shalman Law Office
1005 W. Franklin Ave, Suite  #3
Minneapolis MN 55405

France Avenue Physicians
7250 France Ave, Suite #410
Edina MN 55435

Hennepin County
A600 - Government Center
300 S 6th Street
Minneapolis MN 55487

JSRS Capital LLC
261 School Ave., Suite 240
Excelsior MN 55331

Laboratory Corp of America
Box 2240
Burlington NC 27216


Latoya Martin

3850 Bryant Avenue N
Minneapolis MN 55412

Les James Roofing
941 W 80th Street
Bloomington MN 55420

Macy's
PO Box 689195
Des Moines IA 50368-9195

MidCountry Bank, FSB
14617 Highway 7
Minnetonka MN 55345

National Exemption Svc., Inc.
PO Box 9020
Clearwater FL 33758

Park Nicollet
Customer Service
3800 Park Nicollet Blvd
St. Louis Park MN 55416-2699

Peak Heating & Cooling, Inc.
7810 Park Drive
Chanhassen MN 55317

Phillip & Cantina Taylor
3022 Golden Valley Rd
Minneapolis MN 55422

Preserve Temple Terrace Condo
c/o Atlantic & Pacific Assoc.
622 Banyan Trail, Suite #150
Boca Raton FL 33431

Private Bank
222 South 9th Street
Minneapolis MN 55402

Safeco Insurance
c/o Brown & Joseph Ltd.
Box 59838
Schaumburg IL 60159

Samuel J.H. Sigelman
Lindquist & Vennum
80 S 8th Street, Suite #4200
Minneapolis MN 55402

Signature Bank
9800 Bren Road, #200
Minnetonka MN 55343-6400

Stern Heating
34181 180th Ave
Red Wing MN 55066

Surface Renew
9637 Anderson Lakes Pkwy, Suite #109
Eden Prairie MN 55344

Target National Bank
c/o Payment Processing
PO Box 660170
Dallas TX 75266-0170

Wachovia Mortgage
Loan Modifications T7416-010
PO Box 659558
San Antonio TX 78265-9558

XCel Energy
PO Box 9477
Minneapolis MN 55484-9477

Ryan R. Dreyer
Morrison Sund PLLC
5125 County Road 101, Suite #200
Minnetonka, MN 55345

Doug Belden, Tax Collector
PO Box 30012
Tampa, FL 33630

Charles N. Nauen
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

Gregory P. Sautter

Kristin R. Sarff
Minneapolis City Attorney's Office
350 South 5th Street
City Hall, Room 210
Minneapolis, MN 55415

Gurstel Chargo, P.A.
ATTN: Spencer J. Seamans
6681 Country Club Drive
Golden Valley, MN 55427

U.S. Trustees Office
Michael Ridgeway
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

MN Department of Revenue
Collections Division- Unit 550 Bky. Sec.
PO Box 64447
St. Paul, MN 55164-0564

District Counsel - IRS
650 Galtier Plaza
380 Jackson St
Saint Paul MN 55101

District Director - IRS
30 East 7th Street, MS 700
St. Paul, MN 55101

U.S. Attorney
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Executed on:  February 8, 2013          Signed: /e/ Jacquelyn J. LaVaque
                                              Jacquelyn J. LaVaque
                                              Foley & Mansfield, P.L.L.P.
                                              250 Marquette Avenue, Suite 1200
                                              Minneapolis, MN 55401

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In Re: | Case No.: 12-46965 -GFK |
|---|---|
| Steven F. Meldahl | Chapter 11 |
| Debtor. | |

**ORDER**

This case came before the court upon the motion of TCF National Bank ("TCF"),

objecting to the Debtor's exemptions. Based upon the files and records of the proceedings

herein,

IT IS ORDERED:

1.  TCF's objections to the exemption of the following assets are sustained:

    a.  Homestead, with a petition value of $900,300.00.

    b.  Household Goods and Furnishings, with a petition value of $2,000.00.

    c.  Wearing Apparel with a petition value of $600.00.

    d.  2007 Cadillac Escalade V8-AWD EXT 4D, with a petition value of
        $22,425.00.

Dated: _____

_____
Gregory F. Kishel
United States Bankruptcy Judge